# Exhibit A

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO. 16518 12-19 1/2<br>18-014931-NO In Law 12-19-1<br>Hon.Leslie Kim Smith |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226      Court telephone no.: 313-224-2427

| Plaintiff's name(s), address(es), and telephone no(s) | v | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Rowan Mary as Conservator for, Sheldy Smith a legally Incapacitated Individual | | Jones, Dwayne |

**Plaintiff's attorney, bar no., address, and telephone no**

David A. Robinson 38754
28145 Greenfield Rd Ste 100
Southfield, MI 48076-7102

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.      **SUMMONS**    (

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>11/20/2018 | Expiration date*<br>2/19/2019 | Court clerk<br>Susan Dixson |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01 (8/18)**      **SUMMONS**      MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105



## STATE OF MICHIGAN
## WAYNE COUNTY CIRCUIT COURT

**MARY ROWAN, as full Conservator for**
**SHELDY SMITH, a legally incapacitated**
**Individual,**

      **Plaintiffs,**

**v.**

**DWAYNE JONES and**
**UNKNOWN OFFICERS,**
      **In their individual and official capacities,**
**and CITY OF DETROIT,**
      **Jointly and Severally,**

      **Defendants,**

**CASE NO.**        **NO**
**HON.**

_____/

**DAVID A. ROBINSON (P 38754)**
**BRANDON MCNEAL (P 81300)**
**ROBINSON AND ASSOCIATES, P.C.**
Attorneys for Plaintiff
28145 Greenfield Rd., Suite 100
Southfield, MI 48076
(248) 423-7234
davidrobinsonlaw@gmail.com

**THOMAS E. KUHN (P37924)**
Co-Counsel for Plaintiff
615 Griswold Street, Ste. 515
Detroit, MI 48226
313.963.522; fax 313.963.9061
tekuhn@aol.com _____/

## COMPLAINT and JURY DEMAND

There is no other pending or resolved cases between these parties or other parties arising from the transaction or occurrence alleged in the complaint.

              _____/s/ David A. Robinson_____
              DAVID A. ROBINSON (P39754)

NOW COMES the Plaintiff, by and through her attorneys, and for her complaint against the Defendants states as follows:

## PARTIES

1. At all pertinent times, Plaintiff was a resident of Wayne County, and a citizen of the State of Michigan.

2. Defendants Dwayne Jones and Three Unknown Detroit Police Officers, (hereafter Individual Defendants) were citizens of the State of Michigan, and at all pertinent times worked and were employed by Defendant City of Detroit, a Michigan municipality, as police officers in Wayne County.

## JURISDICTION and VENUE

3. Individual Defendants were at all pertinent times employed as police officers and were, at all times pertinent, acting under color of state law and pursuant to customs, policies and practices of Defendant City of Detroit.

4. The Plaintiff brings this action under the Constitution of the United States and under 42 USC 1983, and state law.

5. The actions giving rise to this complaint arose entirely within Wayne County, Michigan around August 1, 2018, but also earlier and later.

6. The amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000).

## FACTUAL ALLEGATIONS

2

7. Defendant Jones and Individual Police Defendants Officers encountered Plaintiff exhibiting signs of a mental health crisis on August 1, 2018.

8. Without handcuffing Plaintiff, Defendant Jones and/or other unknown Detroit Police Officers transported Plaintiff to Detroit Receiving Hospital.

9. Upon arrival at Detroit Receiving Hospital, Defendant Jones repeatedly physically assaulted and battered Plaintiff without any reason or justification.

10. Defendant Jones repeatedly punched Plaintiff while unknown Detroit Police Officers physically restrained Plaintiff's arms and movement.

11. Defendant Jones repeatedly struck Plaintiff in the head, face, and body with closed fists.

12. Defendant Jones continued repeatedly striking Plaintiff with closed fists despite Plaintiff's turning her back towards Defendant Jones.

13. As a direct and proximate result of the Defendants' misconduct, the Plaintiff suffered injuries and damages including, but not limited to:

    (a) Economic damages, past and future;

    (b) Pain and suffering, physical injury;

    (c) Loss of society and companionship

    (d) Fear, anxiety, humiliation, and shame;

    (e) Serious emotional distress;

(f) Cost of past and future medical; and;

(g) Loss of consortium, services and companionship.

WHEREFORE, Plaintiff demands judgment against Defendants for whatever amount a jury shall determine together with interests, costs, and attorney fees.

## COUNT I
## 42 USC 1983 AGAINST INDIVIDUAL DEFENDANTS

14. Plaintiff hereby re-alleges and incorporates herein by reference all of the prior paragraphs, as though the same were fully set forth herein word for word.

15. The Individual Police Officers' actions were done in their individual capacities, and under color of state law.

16. The Individual Police Officers' actions violated clearly established rights of the Plaintiff including but not limited to:

(a) The right to be free from wrongful seizure and use of excessive force (4th Amendment);

(b) The right to procedural and substantive due process and fair treatment during stop, search, and seizure (1st, 4th, and 14th Amendments);

4

17. As a direct and proximate result of the Individual Police Officers' actions, Plaintiff suffered injury and damages including those set forth in paragraph 13.

18. Defendant Jones threw and landed at least fifteen punches, including uppercuts, jabs and power punches, in deliberate indifference to Plaintiff's constitutional rights and in direct violation of state law.

19. Three Unknown Police Officer Defendants witnessed and remained complicit to the numerous unlawful uses of excessive force. All three officers failed in their duty to protect a Plaintiff from violations of his Constitutional rights by another officer and in fact contributed to the violation of Plaintiff's rights.

**WHEREFORE**, Plaintiff claims judgment against Individual Police Defendants in the amount in excess of Twenty-Five Thousand Dollars ($25,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

## COUNT II
## MUNICIPAL LIABILITY AGAINST DEFENDANT CITY OF DETROIT UNDER 42 USC 1983

20. The plaintiff incorporates by reference the allegations set forth in the paragraphs above, as if fully set forth herein.

5

21. At all times herein, Defendant CITY OF DETROIT, with deliberate indifference to the constitutional rights of the Plaintiff and other similarly situated individuals, established, condoned, promulgated, implemented, and maintained the following customs, policies, and/or practices that were a proximate cause and a moving force in violations of the Plaintiff's rights under the United States Constitution:

(a) Routinely continuing wrongful seizures and/or unlawful use of force without reason or justification;

(b) Routinely concealing, covering up, and hiding evidence of wrongdoing by law enforcement officers employed by the Defendant City of Detroit;

(c) Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to the appropriate and necessary bases for seizure and/or use of force;

(d) Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to the proper handling of mentally ill citizens.

(e) Hiring and/or retaining as law enforcement officers and supervisors certain persons whom the Defendant City of Detroit

6

knew or had actual notice of unlawful seizure and/or use of force without reason or justification;

(f) Failing to intervene when it knew of improper continuation of use of excessive force;

(g) Ratifying, condoning and/or permitting the conduct of Individual Police Defendants.

22. Each of the aforementioned customs, policies, or practices was known to Defendant City of Detroit as highly likely and probable to cause violations of the United States Constitutional rights of Plaintiffs and other individuals subject to use of excessive force, each was a moving force in the violations of the Plaintiff's United States Constitutional rights, as set forth herein.

23. As a direct and proximate result of the actions taken by the Defendants, as discussed more fully above, the Plaintiff has suffered severe damages as listed in paragraph 13, and including but not limited to:

(a) Psychological harm, past and future;

(b) Degradation, humiliation, embarrassment, indignation, outrage, shame, fear, anxiety, loss of reputation, emotional distress, loss of enjoyment, loss of enjoyment of life, and past and future mental anguish;

(c) Pain and suffering due to physical injury;

(d) Economic loss;

(e) Attorney fees and costs allowable under 42 USC 1988.

## COUNT III
## ASSAULT AND BATTERY

24. Plaintiff hereby re-alleges and incorporates herein by reference all of the Paragraphs, as though the same were fully set forth herein word for word.

25. Individual Police Defendants were at all times relevant hereto performing ministerial-operational duties which did not involve significant decision-making, personal deliberation or judgment.

26. The minor decision making involved in Individual Police Defendant's actions at all times relevant hereto were merely incidental to the execution of said Individual Police Defendant's ministerial-operational duties.

27. At all times relevant hereto, Plaintiff had the right under statutes, common law, rules, regulations and/or ordinances of the State of Michigan, to be free from the reckless, knowingly and/or intentionally tortuous, willful, wanton and/or grossly negligent execution of ministerial-operational duties contrary to the Michigan law, by Individual Police Defendants.

28. At all times relevant hereto, Individual Police Defendants failed, notwithstanding their standard duty of due care to execute his ministerial-operational duties in good-faith; without negligence and/or knowingly

8

and/or intentional tortuous conduct, in a manner consistent with the Michigan law, as follows, but not limited hereto:

(a) To act in good faith, while assaulting and battering Plaintiff;

(b) To take reasonable precautions and act in good faith, to assure Plaintiff was not assaulted or otherwise injured while in their control and authority nor retaliated against.

(c) To comply with all applicable statutes, laws, rules, regulations and/or ordinances, including but not limited to the Michigan laws.

29. Notwithstanding these duties, Individual Police Defendants, knowingly and intentionally while acting under color of state law, violated, breached and/or failed to fulfill his ministerial duties to Plaintiff in a manner violative of the Michigan laws, by acting in bad faith and engaging in ultra vires conduct.

30. Notwithstanding these duties, Individual Police Defendants knowingly failed to fulfill their ministerial duties while on duty and acting in the course of their employment and/or authority, under color of law and pursuant to customs, policies and/or practices, wrongfully assaulted, battered and seized Plaintiff, in bad faith, or allowed others to wrongfully assault, batter and/or seize Plaintiff.

31. Notwithstanding these duties Individual Police Defendants, grossly negligently, deliberately, recklessly, willfully, wantonly, knowingly and/or

9

intentionally violated, breached and failed to fulfill their ministerial duties to Plaintiff, in bad faith, and in violation of the Michigan laws, including, but not limited to, the following;

(a) By assaulting and battering Plaintiff;

(b) By failing to take reasonable precautions to protect Plaintiff from the foreseeable risk of improper and illegal assault and battery.

(c) By failing to intervene to stop the assault and battery of Plaintiff

32. As a direct and a proximate result of Individual Police Defendants' aforesaid reckless, willful, wanton, grossly negligent, and knowingly and intentionally tortuous violations of the aforesaid ministerial duties, in bad faith and violation of Michigan laws, Plaintiff was injured.

33. As a direct and a proximate result of Individual Police Defendants' aforesaid reckless, willful, wanton, grossly negligent, and knowingly and intentionally tortuous and unconstitutional violations of the aforesaid ministerial duties, all done in bad faith, Plaintiff suffered and continues to suffer serious and permanent personal injuries, including physical and mental anguish, emotional distress, shock, fright, humiliation, degradation, embarrassment, loss of enjoyment of life, medical complications and a lesser leaning, liking and ability towards previous home, family, social, recreational and personal

10

activities, all past, present and future, and any other damages listed in paragraph 13.

WHEREFORE, Plaintiff claims judgment against Individual Police Defendants in the amount in excess of Twenty-Five Thousand Dollars ($25,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney fees, and all other damages, including exemplary and/or punitive damages.

**COUNT IV**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

34. Plaintiff hereby re-alleges and incorporates herein by reference all of the prior paragraphs, as though the same were fully set forth herein word for word.

35. At all times relevant hereto Individual Defendants notwithstanding their standard duty of care, owed Plaintiff the following duties, among other:

  (a) To refrain from inflicting intentional emotional distress on Plaintiff, in bad faith;

  (b) To refrain from subjecting Plaintiff to wrongful assault and battery and other abuse in violation of Michigan law and in bad faith;

  (c) To refrain from subjecting Plaintiff to emotional distress through wrongful seizure, physical assault and battery, and further threats which were also assaults;

  (d) To refrain from treating Plaintiff in an extremely abusive manner;

11

36. Individual Police Defendants willfully, wantonly, recklessly, knowingly and/or intentionally breached one or more of said duties by, among other things:

  (a) Recklessly, wantonly and/or intentionally, in bad faith, inflicting emotional distress upon Plaintiff by wrongfully assaulting and battering Plaintiff;

  (b) Recklessly, wantonly and/or intentionally, in bad faith, subjecting Plaintiff to injury and pain resulting from assault and battery;

  (c) Recklessly, wantonly and/or intentionally, in bad faith, treating Plaintiff in an extremely and outrageously abusive manner.

37. As a direct and proximate result of said reckless, willful, wanton, knowing and/or intentional misconduct, all done in bad faith, by Individual Defendants, Plaintiff suffered and continues to suffer serious and permanent personal injuries, including but not limited to, physical and mental pain, serious mental anguish, serious emotional distress, shock, fright, humiliation, degradation, embarrassment, loss of enjoyment of life, and a lesser leaning, liking and ability towards previous home, family, social, recreational and personal activities, all past, present and future, as well as any other damage listed in paragraph 13.

12

WHEREFORE, Plaintiff demands judgment against the Individual Defendants for whatever amount a jury shall determine together with interests, costs, exemplary damages, attorney fees and any other relief allowable by law.

## COUNT V
## GROSS NEGLIGENCE

38.   Plaintiff re-alleges all prior paragraphs.

39.   Plaintiff owed Plaintiff a duty of care, including but not limited to a:

    (a) Duty to provide protection for Plaintiff when she was in a helpless condition;

    (b) Duty not to make Plaintiff's condition worse after taking her into his custody and control;

    (c) Duty to properly supervise other officers;

    (d) Duty to properly assure the safety of Plaintiff when she was in their care;

    (e) Duty not to discontinue their aid or protection, and by doing so leave Plaintiff in a worse position than when the Defendants took charge of him. Rest. 2nd Torts §324A.

    (f) Duty not to injure Plaintiff through gross negligent conduct, including, but not limited to allowing the repeated punching of Plaintiff with closed fists.

13

40. The actions of the Individual Police Defendants wantonly and recklessly, with gross negligence, violated the duties to Plaintiff and disregarded Plaintiff's rights.

41. The Individual Police Defendants wantonly and recklessly, with gross negligence, violated the duties to Plaintiff and disregarded Plaintiff's rights.

42. The Individual Police Defendants' actions in acting with gross negligence and denying Plaintiff's rights caused loss of rights and injury to the Plaintiff.

43. The Individual Police Defendants' actions were in wanton, reckless and callous disregard to Plaintiff's rights and to the injury to Plaintiff and were grossly negligent.

44. Under MCL 691.1407, citizens may maintain an action in tort against police officers whose actions constitute gross negligence and state granted immunity does not bar such a claim even when the officer is acting within the scope of his authority.

45. As a direct and proximate result of the Individual Police Defendants' actions, Plaintiff suffered injury and damages including, but not limited to, those set forth in paragraph 13.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for whatever amount a jury shall determine together with interests, costs, and attorney fees.

14

## COUNT VI
## PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## VIOLATION AND DISCRIMINATION

46. Plaintiff hereby re-alleges and incorporates herein by reference all of the prior paragraphs, as though the same were fully set forth herein word for word.

47. At all times relevant hereto Plaintiff was a person covered by the Persons with Disabilities Act (PWDCRA), as Plaintiff had a disability.

48. At all times relevant hereto, Defendants provided a public service as defined by the PWDCRA.

49. At all relevant times, Defendants violated the PWDCRA, discriminating against Plaintiff and failing to provide non-discriminatory public services.

50. As a direct and proximate result of Defendants' violation of PWDCRA and discrimination against Plaintiff based on her disability, Plaintiff suffered and continues to suffer serious and permanent personal injuries, including but not limited to, physical and mental pain, serious mental anguish, serious emotional distress, shock, fright, humiliation, degradation, embarrassment, loss of enjoyment of life, and a lesser leaning, liking and ability towards previous home, family, social, recreational and personal activities, all past, present and future, as well as any other damage listed in paragraph 13.

15

WHEREFORE, Plaintiff demands judgment against the Defendants for whatever amount a jury shall determine together with interests, costs, exemplary damages, attorney fees and any other relief allowable by law.

### JURY DEMAND

NOW COMES the Plaintiff and demands trial of his cause by jury.

Respectfully submitted,

/s/ David A. Robinson
David A. Robinson(P38754)
Brandon McNeal (P81300)
Thomas E. Kuhn (P37924)
ROBINSON AND ASSOCIATES, P.C.
Attorneys for Plaintiff

Dated:  November 19, 2018

16