# Exhibit B

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MARY ROWAN, as full Conservator,
SHELDY SMITH, a legally incapacitated
Individual,

                                 Case No.: 18-014931-NO
        Plaintiff,            Hon. Leslie Kim Smith

v.

DWAYNE JONES and
UNKNOWN OFFICERS, in their individual and
official capacities and CITY OF DETROIT, Jointly
and Severally,

            Defendants.

---

| | |
|---|---|
| **DAVID A. ROBSINON (P38754)**<br>**BRANDON MCNEAL (P81300)**<br>**ROBINSON AND ASSOCIATES, P.C.**<br>Attorney for Plaintiff<br>28145 Greenfield Rd., Suite 100<br>Southfield, MI 48076<br>(248) 423-7234<br>davidrobinsonlaw@gmail.com | **KRYSTAL A. CRITTENDON (P49981)**<br>**ALFRED ASHU (P82536)**<br>**CITY OF DETROIT LAW**<br>**DEPARTMENT**<br>Attorneys for Defendants<br>Coleman A. Young Municipal Center<br>2 Woodward Ave., Ste. 500<br>Detroit, MI 48226<br>(313) 237-3031<br>critk@detroitmi.gov |
| **THOMAS E. KUHN (P37924)**<br>Co-Counsel for Plaintiff<br>615 Griswold Street. Ste. 515<br>Detroit, MI 48226<br>(313) 963-5222<br>tekuhn@aol.com | |

---

**DEFENDANT DWAYNE JONES' ANSWER TO PLAINTIFF'S COMPLAINT,
RELIANCE ON JURY DEMAND, DEMAND FOR COMPULSORY JOINDER,
NOTICE OF SPECIAL AND AFFIRMATIVE DEFENSES
AND DEMAND FOR REPLY**

1

**NOW COMES** Defendant, DWAYNE JONES, by and through his attorney, KRYSTAL A. CRITTENDON, who, pursuant to Section 13-11-2 and 13-11-3 of the Detroit City Code, reserves the right to withdraw as Counsel for the individually-named defendant in the event his representation request is not approved by the Detroit City Council, and for his Answer to Plaintiff's Complaint, Reliance on Jury Demand, Demand for Compulsory Joinder of Claims, Notice of Special and Affirmative Defenses and Demand for Reply, states as follows:

## PARTIES

1. Defendant neither admits nor denies the allegations of Paragraph 1, for lack of sufficient information on which it may formulate a response, but leaves Plaintiff to its proofs.

2. Defendant Dwayne Jones admits the allegations of Paragraph 2 as it relates to him individually. As it relates to the Unknown parties, Defendant neither admits nor denies the allegations contained therein due to having insufficient information or knowledge, and leaves Plaintiff to proof thereof.

## JURISDICTION AND VENUE

3. Defendant admits he was employed as a police office. Defendant neither admits nor denies the allegations remaining allegations contained therein, and leaves Plaintiff to proof thereof.

4. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

2

5.      Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

6.      Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

## FACTUAL ALLEGATIONS

7.      Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

8.      Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

9.      Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

10.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

11. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

12. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof..

13. The allegations of the paragraph 13, including subparagraphs (a) through (g) are neither admitted nor denied. Plaintiff is left to its proofs.

**WHEREFORE** IT IS RESPECTFULLY demanded that judgment of no cause of action be entered herein, or in the alternative that the said cause be dismissed, with prejudice, and costs and attorney fees awarded to Defendants.

### COUNT I

### 42 USC 1983 AGAINST INDIVIDUAL DEFENDANTS

14. Defendant hereby incorporates by reference his answers to the previous allegations as if fully stated herein.

15. Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to its proofs.

16. The allegations of the paragraph 16, including subparagraphs (a) through (b), are neither admitted nor denied. Plaintiff is left to its proofs.

17. Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to its proofs.

4

18.    Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

19.    Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

**WHEREFORE** IT IS RESPECTFULLY demanded that judgment of no cause of action be entered herein, or in the alternative that the said cause be dismissed, with prejudice, and costs and attorney fees awarded to Defendants.

## COUNT II

## MUNICIPAL LIABILTY AGAINST DEFNEDANT CITY OF DETROIT
## UNDER 42 USC 1983

20.    Defendant hereby incorporates by reference his answers to the previous allegations as if fully stated herein

21.    The paragraph, including subparagraphs (a) - (g), thereto corresponding hereto is inapplicable to Defendant Dwayne Jones.

22.    The paragraph thereto corresponding hereto is inapplicable to Defendant Dwayne Jones.

23.    The paragraph including subparagraphs (a) - (e), thereto corresponding hereto is inapplicable to Defendant Dwayne Jones.

5

## COUNT III

### ASSAULT AND BATTERY

24.     Defendant hereby incorporates by reference his answers to the previous allegations as if fully stated herein.

25.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

26.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

27.     Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to its proofs.

28.     Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to its proofs..

29.     Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to its proofs.

30.     Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to its proofs.

31.     The allegations of the paragraph 31, including subparagraphs (a) through (c), are neither admitted nor denied. Plaintiff is left to its proofs.

6

32. Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to its proofs.

33. Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to its proofs.

**WHEREFORE** IT IS RESPECTFULLY demanded that judgment of no cause of action be entered herein, or in the alternative that the said cause be dismissed, with prejudice, and costs and attorney fees awarded to Defendants.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. Defendant hereby incorporates by reference his answers to the previous allegations as if fully stated herein.

35. The allegations of the paragraph 35, including subparagraphs (a) through (d), are neither admitted nor denied. Plaintiff is left to its proofs.

36. The allegations of the paragraph 36, including subparagraphs (a) through (c), are neither admitted nor denied. Plaintiff is left to its proofs.

37. Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to its proofs.

**WHEREFORE** IT IS RESPECTFULLY demanded that judgment of no cause of action be entered herein, or in the alternative that the said cause be dismissed, with prejudice, and costs and attorney fees awarded to Defendants.

7

## COUNT V

## GROSS NEGLIGENCE

38.     Defendant hereby incorporates by reference his answers to the previous allegations as if fully stated herein.

39.     Having insufficient information or knowledge of the allegations of the paragraph 39, including subparagraphs (a) through (f),  corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

40.     Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to its proofs.

41.     Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to its proofs.

42.     Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to its proofs.

43.     Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to its proofs.

44.     Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to its proofs.

45.     Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to its proofs.

**WHEREFORE** IT IS RESPECTFULLY demanded that judgment of no cause of action be entered herein, or in the alternative that the said cause be dismissed, with prejudice, and costs and attorney fees awarded to Defendants.

**COUNT VI**

**PERSON WITH DISABILITIES CIVIL RIGHTS ACT**

**VIOLATION AND DISCRIMINATION**

46.     Defendant hereby incorporates by reference his answers to the previous allegations as if fully stated herein.

47.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

48.     Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to its proofs.

49.     Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to its proofs.

50.     Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to its proofs.

**WHEREFORE** Defendant, DWAYNE JONES, respectfully requests that this Honorable Court enter a judgment no cause of action, or in the alternative, that the present cause be dismissed, with prejudice, with costs and attorneys' fees awarded to Defendant.

9

Respectfully submitted,

CITY OF DETROIT LAW DEPARTMENT

By: /s/ Krystal Crittendon
KRYSTAL CRITTENDON (P49981)
Attorney for Defendant

Dated: January 8, 2019

## RELIANCE ON JURY DEMAND

**NOW COMES** the defendant, **DWAYNE JONES**, by and through his attorney,

KRYSTAL A. CRITTENDON, and hereby gives notice of his reliance on Plaintiff's demand for

trial by jury.

Respectfully submitted,

CITY OF DETROIT LAW DEPARTMENT

By: /s/ Krystal Crittendon
KRYSTAL CRITTENDON
Attorney for Defendant (P49981)

Dated:  January 8, 2019

## DEMAND FOR COMPULSORY JOINDER OF CLAIMS

**NOW COMES** Defendant, **DWAYNE JONES,** by and through his attorney,

**KRYSTAL A. CRITTENDON**, and demands that Plaintiff joins any and all claims

arising out of the transactions, acts, or occurrences, allegedly giving rise to the present

action.

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

10

By: /s/ *Krystal Crittendon*
KRYSTAL CRITTENDON (P49981)
Attorney for Defendant

Dated: January 8, 2019

### SPECIAL AND AFFIRMATIVE DEFENSES

**NOW COMES** Defendant, **DWAYNE JONES**, by his undersigned counsel, and sets forth his Special and Affirmative Defenses as follows:

1.      That the defendant, **DWAYNE JONES**, is individually immune pursuant to MCL 691-1401 et seq. for the following reasons:

    (a)    That he was an employee of the City of Detroit and was working in the course of his employment and within the scope of his authority when this incident occurred or allegedly occurred;

    (b)    That the City of Detroit is, and was at the time of the incident herein, a governmental agency;

    (c)    That at the time of the incident herein complained of, the City of Detroit was engaged in the exercise or discharge of a governmental function;

    (d)    That the individual Defendant's conduct did not amount to gross negligence that is the proximate cause of the injury or damage.

2.      AND FURTHER, that defendant, **DWAYNE JONES**, is individually immune from the imposition of liability on Plaintiff's intentional tort claims pursuant to MCL 691-1401 et seq. for the following reasons:

11

(a) The acts were undertaken during the course of employment and the employee was acting, or reasonably believed that he was acting, within the scope of his authority;

(b) the acts were undertaken in good faith, or were not undertaken with malice, and

(c) the acts were discretionary, as opposed to ministerial.

3. Plaintiff has failed to set forth a cause of action upon which relief can be granted.

4. Defendant asserts as an affirmative defense that Plaintiff has failed to mitigate damages.

5. That Defendant is, or may be, without jurisdiction.

6. That the statute of limitations is, or may be, a bar to Plaintiff's claim for damages.

7. That Plaintiff has failed to establish a prima facie case of intentional discrimination under the Persons With Disabilities Civil Rights Act.

8. Defendant provided a reasonable accommodation to Plaintiff providing for her disability.

9. Defendant asserts every defense available to him under the Civil Rights Act.

10. AND FURTHER, that this claim is barred for failure to exhaust statutory, administrative and other available remedies.

11. Plaintiff has failed to join every legal or equitable claim which arises out of the transaction or occurrence which is the subject matter of the instant action.

12. That the individual defendant was, at all times mentioned in Plaintiff's Complaint, a duly qualified, appointed and acting police officer of the City of Detroit and peace officer of the

12

State of Michigan, and that at all times herein mentioned, said Defendant was engaged in the performance of his regularly assigned duties as a police officer.

13. That the individual defendant, at all times herein mentioned, acted in good faith and without malice and within the scope of his duties as a police officer of the City of Detroit and peace officer of the State of Michigan.

14. That any injury to the individual represented by Plaintiff was due to and caused by the negligence and/or omission of that individual to care for herself which carelessness and/or negligence and/or omissions were the proximate cause of the damage, if any, to that individual.

15. That any injury or damage suffered by the individual represented by Plaintiff was caused by reason of that individual's wrongful acts and conduct and/or the willful resistance to a peace officer in the discharge, and/or attempt to discharge the duty of their office and not by reason or any unlawful acts or omission of this defendant.

16. The actions of the defendant were lawful and proper and that just and probable cause existed for the actions of the individually named defendants.

17. The actions of the defendant in all respects were reasonable, proper and legal.

18. The individually-named defendant had reasonable cause to believe that an offense had been committed and that the individual represented by Plaintiff had committed and/or aided in the offense.

19. Conservator does or may lack capacity to sue on behalf of Plaintiff.

20. AND FURTHER, that if Plaintiff sustained any injury, damage, or loss, the same was solely and proximately occasioned by the carelessness, heedlessness and negligence of that individual in failing to act in a reasonable, prudent manner, acting without due care and

13

circumspection and in a manner dangerous to or likely to endanger those individual's own safety, and not because of any act or omission of or chargeable to the defendant herein.

21. AND FURTHER Defendant City of Detroit, further affirmatively avers that the individual defendants herein were not employed to become involved in any altercation with the Plaintiff and that any altercation which may have occurred and any injuries which may have resulted therefrom, occurred while said employees were not acting within the scope of any employment for Defendant, City of Detroit, but were exclusively acting in an individual capacity.

22. That the City of Detroit is governmentally immune from the imposition of tort liability and is not vicariously liable for the alleged tortious acts of its employees.

23. That pursuant to 42 USC Section 1983, the City of Detroit is not liable for exemplary or punitive damages in any sum or at all.

24. AND FURTHER, that Plaintiff has failed to state a claim pursuant to 42 USC § 1983 by failing to identify any unconstitutional customs, policies or practices of Defendant City of Detroit which would impose municipal liability upon Defendant.

**WHEREFORE** Defendant, **DWAYNE JONES**, respectfully requests that this Honorable Court enter a judgment no cause of action, or in the alternative, that the present cause be dismissed, with prejudice, with costs and attorneys' fees awarded to Defendant.

## RESERVATION OF AFFIRMATIVE DEFENSE

25. The defendant in the above-entitled cause, by and through the undersigned attorney, not waiving any deficiency or omission in any pleadings heretofore or hereafter filed by any other party hereto, hereby reserve the right to assert and file any affirmative and special defense as may become known by discovery proceedings in accordance with rules and practices of this Court in such case made and provided, or otherwise.

14

## DEMAND FOR REPLY

25.   Defendant, **DWAYNE JONES**, demands a reply to each and every Affirmative Defense set forth herein.

Respectfully submitted,

CITY OF DETROIT LAW DEPARTMENT

By: */s/ Krystal Crittendon*
KRYSTAL CRITTENDON (P49981)
Attorney for Defendant

Dated: January 8, 2019

## PROOF OF SERVICE

On **January 8, 2019**, the **Defendant DWAYNE JONES Answer To Plaintiff's Complaint, Reliance on Jury Demand, Demand for Compulsory Joinder, Notice of Special And Affirmative Defenses And Demand For Reply** and this Proof of Service were e-filed and/or served by U.S. Mail upon each attorney of record at his or her last known address.  I declare that the foregoing statement is true to the best of my knowledge, information and belief.

By:  /s/Alfred Ashu
**Alfred Ashu**

15