# Exhibit C

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MARY ROWAN, as full Conservator,
SHELDY SMITH, a legally incapacitated
Individual,

                Plaintiff,

v.

DWAYNE JONES and
UNKNOWN OFFICERS, in their individual and
official capacities and CITY OF DETROIT, Jointly
and Severally,

                Defendants.

Case No.: 18-014931-NO
Hon. Leslie Kim Smith

---

**DAVID A. ROBSINON (P38754)**
**BRANDON MCNEAL (P81300)**
**ROBINSON AND ASSOCIATES, P.C.**
Attorney for Plaintiff
28145 Greenfield Rd., Suite 100
Southfield, MI 48076
(248) 423-7234
davidrobinsonlaw@gmail.com


**THOMAS E. KUHN (P37924)**
Co-Counsel for Plaintiff
615 Griswold Street. Ste. 515
Detroit, MI 48226
(313) 963-5222
tekuhn@aol.com

**KRYSTAL A. CRITTENDON (P49981)**
**ALFRED ASHU (P82536)**
**CITY OF DETROIT LAW**
**DEPARTMENT**
Attorneys for Defendants
Coleman A. Young Municipal Center
2 Woodward Ave., Ste. 500
Detroit, MI 48226
(313) 237-3031
critk@detroitmi.gov

---

## DEFENDANT CITY OF DETROIT'S ANSWER TO PLAINTIFF'S COMPLAINT, RELIANCE ON JURY DEMAND, DEMAND FOR COMPULSORY JOINDER, NOTICE OF SPECIAL AND AFFIRMATIVE DEFENSES AND DEMAND FOR REPLY

1

NOW COMES Defendant, CITY OF DETROIT, by and through its attorney, KRYSTAL A. CRITTENDON, for its Answer to Plaintiff's Complaint, Reliance on Jury Demand, Demand for Compulsory Joinder of Claims, Notice of Special and Affirmative Defenses and Demand for Reply, states as follows:

## PARTIES

1.     Defendant neither admits nor denies the allegations of Paragraph 1, for lack of sufficient information on which it may formulate a response, but leaves Plaintiff to proof thereof.

2.     Defendant CITY OF DETROIT neither admits nor denies the allegations contained therein due to having insufficient information or knowledge, and leaves Plaintiff to proof thereof.

## JURISDICTION AND VENUE

3.     Defendant CITY OF DETROIT, admits Dwayne Jones was employed as a police officer. Defendant neither admits nor denies the remaining allegations contained therein, and leaves Plaintiff to proof thereof.

4.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

5.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

2

6.      Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

## FACTUAL ALLEGATIONS

7.      Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

8.      Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

9.      Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

10.      Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

11.      Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

3

12.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

13.     Defendant neither admits nor denies the allegations of Paragraph 13, including subparagraphs (a) through (g). Plaintiff is left to its proofs.

**WHEREFORE** IT IS RESPECTFULLY demanded that judgment of no cause of action be entered herein, or in the alternative that the said cause be dismissed, with prejudice, and costs and attorney fees awarded to Defendants.

## COUNT I
### 42 USC 1983 AGAINST INDIVIDUAL DEFENDANTS

14.     Defendant hereby incorporates by reference his answers to the previous allegations as if fully stated herein

15.     The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

16.     The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

17.     The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

18.     The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

4

19. The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

## COUNT II

## MUNICIPAL LIABILTY AGAINST DEFNEDANT CITY OF DETROIT
## UNDER 42 USC 1983

20. Defendant hereby incorporates by reference his answers to the previous allegations as if fully stated herein

21. The paragraph thereto, including the allegations contained in subparagraphs (a) – (g), hereto are denied.

22. The paragraph thereto corresponding hereto is denied.

23. The paragraph thereto, including the allegations contained in subparagraphs (a) – (e), hereto are denied.

**WHEREFORE** Defendant, CITY OF DETROIT, respectfully requests that this Honorable Court enter a judgment no cause of action, or in the alternative, that the present cause be dismissed, with prejudice, with costs and attorneys' fees awarded to Defendant.

## COUNT III
## ASSAULT AND BATTERY

24. Defendant hereby incorporates by reference his answers to the previous allegations as if fully stated herein.

25. The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

26.     The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

27.     The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

28.     The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

29.     The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

30.     The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

31.     The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit, including subparagraphs (a) through (c).

32.     The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

33.     The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

**WHEREFORE** IT IS RESPECTFULLY demanded that judgment of no cause of action be entered herein, or in the alternative that the said cause be dismissed, with prejudice, and costs and attorney fees awarded to Defendants.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

6

34.     Defendant hereby incorporates by reference his answers to the previous allegations as if fully stated herein.

35.     The paragraph thereto, including subparagraphs (a) through (d), corresponding hereto is inapplicable to Defendant City of Detroit.

36.     The paragraph thereto, including subparagraphs (a) through (c), corresponding hereto is inapplicable to Defendant City of Detroit

37.     The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

**WHEREFORE** IT IS RESPECTFULLY demanded that judgment of no cause of action be entered herein, or in the alternative that the said cause be dismissed, with prejudice, and costs and attorney fees awarded to Defendants.

## COUNT V
### GROSS NEGLIGENCE

38.     Defendant hereby incorporates by reference his answers to the previous allegations as if fully stated herein.

39.     The paragraph thereto, including subparagraphs (a) through (f), corresponding hereto is inapplicable to Defendant City of Detroit.

40.     The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

7

41.     The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

42.     The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

43.     The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

44.     The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

45.     The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

**WHEREFORE** IT IS RESPECTFULLY demanded that judgment of no cause of action be entered herein, or in the alternative that the said cause be dismissed, with prejudice, and costs and attorney fees awarded to Defendants.

## COUNT VI
## PERSON WITH DISABILITIES CIVIL RIGHTS ACT
## VIOLATION AND DISCRIMINATION

46.     Defendant hereby incorporates by reference his answers to the previous allegations as if fully stated herein.

47.     The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

48.     The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

8

49. The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

50. The paragraph thereto corresponding hereto is inapplicable to Defendant City of Detroit.

**WHEREFORE** Defendant, DWAYNE JONES, respectfully requests that this Honorable Court enter a judgment no cause of action, or in the alternative, that the present cause be dismissed, with prejudice, with costs and attorneys' fees awarded to Defendant.

Respectfully submitted,

CITY OF DETROIT LAW DEPARTMENT

By: /s/ Krystal Crittendon
KRYSTAL CRITTENDON (P49981)
Attorney for Defendant

Dated: January 8, 2019

## RELIANCE ON JURY DEMAND

**NOW COMES** the defendant, **CITY OF DETROIT**, by and through his attorney, KRYSTAL A. CRITTENDON, and hereby gives notice of his reliance on Plaintiff's demand for trial by jury.

Respectfully submitted,

CITY OF DETROIT LAW DEPARTMENT

By: /s/ Krystal Crittendon
KRYSTAL CRITTENDON
Attorney for Defendant (P49981)

Dated: January 8, 2019

9

## DEMAND FOR COMPULSORY JOINDER OF CLAIMS

**NOW COMES** Defendant, **CITY OF DETROIT,** by and through his attorney, **KRYSTAL A. CRITTENDON**, and demands that Plaintiff joins any and all claims arising out of the transactions, acts, or occurrences, allegedly giving rise to the present action.

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

By: */s/ Krystal Crittendon*
KRYSTAL CRITTENDON (P49981)
Attorney for Defendant

Dated:  January 8, 2019

## SPECIAL AND AFFIRMATIVE DEFENSES

**NOW COMES** Defendant, **CITY OF DETROIT**, by his undersigned counsel, and sets forth his Special and Affirmative Defenses as follows:

1. That the defendant, **CITY OF DETROIT**, is governmentally immune pursuant to MCL 691-1401 et seq. for the following reasons:

   (a)   That the defendant is a governmental agency;

   (b)   That the defendant is entitled to immunity from tort liability when engaged in the exercise or discharge of a governmental function;

   (c)   That the allegations contained in Plaintiff's Complaint involve activities which are governmental functions, for the reason, that they are expressly or impliedly mandated or authorized by constitution, statute, ordinance or other law;

10

(d)     That the allegations contained in Plaintiff's Complaint do not fall within any statutory or common law exception to Defendant's governmental immunity.

2.     Plaintiff has failed to set forth a cause of action upon which relief can be granted.

3.     Defendant asserts as an affirmative defense that Plaintiff has failed to mitigate damages.

4.     That Defendant is, or may be, without jurisdiction.

5.     Conservator does or may lack capacity to sue on behalf of the Plaintiff.

6.     That the statute of limitations is, or may be, a bar to Plaintiff's claim for damages.

7.     AND FURTHER, that this claim is barred for failure to exhaust statutory, administrative and other available remedies.

8.     That Plaintiff has failed to establish a prima facie case of intentional discrimination under the Persons With Disabilities Civil Rights Act.

9.     Defendant provided a reasonable accommodation to Plaintiff providing for her disability.

10.    Defendant asserts every defense available to it under the Civil Rights Act.

11.    Plaintiff has failed to join every legal or equitable claim which arises out of the transaction or occurrence which is the subject matter of the instant action.

12.    That the individual defendant  was, at all times mentioned in Plaintiff's Complaint, a duly qualified, appointed and acting police officer of the City of Detroit and peace officer of the State of Michigan, and that at all times herein mentioned, said Defendant was engaged in the performance of his regularly assigned duties as a police officer.

13.    That the individual defendant, at all times herein mentioned, acted in good faith and without malice and within the scope of his duties as  a police officer of the City of Detroit and peace officer of the State of Michigan.

14.     That any injury to the individual represented by Plaintiff was due to and caused by the negligence and/or omission of that individual to care for herself which carelessness and/or negligence and/or omissions were the proximate cause of the damage, if any, to that individual.

15.     That any injury or damage suffered by the individual represented by Plaintiff was caused by reason of that individual's wrongful acts and conduct and/or the willful resistance to a peace officer in the discharge, and/or attempt to discharge the duty of their office and not by reason or any unlawful acts or omission of this defendant.

16.     The actions of the defendant were lawful and proper and that just and probable cause existed for the actions of the individually named defendants.

17.     The actions of the defendant in all respects were reasonable, proper and legal.

18.     The individually-named defendant had reasonable cause to believe that an offense had been committed and that the individual represented by Plaintiff had committed and/or aided in the offense.

19.     AND FURTHER, that if Plaintiff sustained any injury, damage, or loss, the same was solely and proximately occasioned by the carelessness, heedlessness and negligence of that individual in failing to act in a reasonable, prudent manner, acting without due care and circumspection and in a manner dangerous to or likely to endanger those individual's own safety, and not because of any act or omission of or chargeable to the defendant herein.

20.     AND FURTHER Defendant City of Detroit, further affirmatively avers that the individual defendants herein were not employed to become involved in any altercation with the Plaintiff and that any altercation which may have occurred and any injuries which may have resulted therefrom, occurred while said employees were not acting within the scope of any employment for Defendant, City of Detroit, but were exclusively acting in an individual capacity.

12

21.     That the City of Detroit is governmentally immune from the imposition of tort liability and is not vicariously liable for the alleged tortious acts of its employees.

22.     That pursuant to 42 USC Section 1983, the City of Detroit is not liable for exemplary or punitive damages in any sum or at all.

23.     AND FURTHER, that Plaintiff have failed to state a claim pursuant to 42 USC § 1983 by failing to identify any unconstitutional customs, policies or practices of Defendant City of Detroit which would impose municipal liability upon Defendant.

WHEREFORE Defendant, **CITY OF DETROIT**, respectfully requests that this Honorable Court enter a judgment no cause of action, or in the alternative, that the present cause be dismissed, with prejudice, with costs and attorneys' fees awarded to Defendant.

## RESERVATION OF AFFIRMATIVE DEFENSE

24.     The defendant in the above-entitled cause, by and through the undersigned attorney, not waiving any deficiency or omission in any pleadings heretofore or hereafter filed by any other party hereto, hereby reserve the right to assert and file any affirmative and special defense as may become known by discovery proceedings in accordance with rules and practices of this Court in such case made and provided, or otherwise.

## DEMAND FOR REPLY

25.     Defendant, **CITY OF DETROIT**, demands a reply to each and every Affirmative Defense set forth herein.

Respectfully submitted,

CITY OF DETROIT LAW DEPARTMENT

By: */s/ Krystal Crittendon*

13

KRYSTAL CRITTENDON (P49981)
Attorney for Defendant

Dated: January 8, 2019

## PROOF OF SERVICE

On **January 8, 2019**, the **Defendant CITY OF DETROIT Answer To Plaintiff's Complaint, Reliance on Jury Demand, Demand for Compulsory Joinder, Notice of Special and Affirmative Defenses and Demand for Reply** and this Proof of Service were e-filed and/or served by U.S. Mail upon each attorney of record at his or her last known address.  I declare that the foregoing statement is true to the best of my knowledge, information and belief.

By: /s/Alfred Ashu
**Alfred Ashu**

14