UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ROWAN, full conservator
of Sheldy Smith,

    Plaintiff,

v.                                                Case No. 19-10103
                                                 Honorable Victoria A. Roberts

DEWAYNE JONES, et al.,

    Defendants.
_____/

**ORDER: (1) REGARDING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF REQUESTED DISCOVERY WITHOUT A PROTECTIVE ORDER [ECF No. 31]; (2) REQUIRING COUNSEL TO MEET AND CONFER; AND (3) SETTING PHONE CONFERENCE**

On November 4, 2019, Plaintiff filed a Motion to Compel Production of Requested Discovery Without a Protective Order. Among other things, Plaintiff's discovery request seeks the internal affairs investigation file related to the underlying incident.

Defendants have not responded to Plaintiff's motion. However, in response to Plaintiff's discovery request, Defendants asserted several boilerplate objections, including that the request is overbroad and seeks information that is not relevant. They also said that the request sought confidential material that is privileged. Defendants did not provide a privilege log to Plaintiff.

The Court held a telephone conference regarding Plaintiff's motion on January 10, 2020.  The parties agreed that Defendants would produce a privilege log to Plaintiff and the Court and submit the internal affairs investigation file to the Court for *in camera* review.

The Court reviewed the investigation file and Defendants' privilege log.  For many of the documents within the file, Defendants do not assert a privilege.  For the documents Defendants claim are privileged, they rely primarily on the deliberative process privilege and law enforcement privilege/law enforcement investigatory privilege.

While those privileges appear to apply to some documents and/or certain portions of documents, the Court finds that several of the documents Defendants claim are privileged are discoverable and should be produced pursuant to a protective order.

For example, much of the information in the documents is factual and not protected under the deliberative process privilege.  To the extent certain documents contain factual information, they should be produced; Defendants can redact any evaluative summaries, recommendations, or conclusions in those documents and indicate the applicable privilege for each redaction in an updated privilege log.

The Court does find that the law enforcement privilege likely applies to certain documents or portions of documents. For example, it applies to the document setting forth the "Daily Detail" for the 3rd Precinct, Third Platoon on the day of the incident, and it likely applies to a good portion of the document with Sergeant Jeremy James' tactical analysis. However, it does not apply completely to all of the documents for which Defendants assert the privilege. Notably, much of the information in the documents is factual and there no longer is an ongoing investigation. In addition, for Defendants "to prevail on its claim of [this] privilege: '(1) there must be a formal claim of privilege by the head of the department having control over the requested information; (2) assertion of the privilege must be based on actual personal consideration by that official; and (3) the information for which the privilege is claimed must be specified, with an explanation why it properly falls within the scope of the privilege.'" *Hamama v. Adducci*, No. 17-11910, 2018 WL 2445042, at *1 (E.D. Mich. May 31, 2018) (quoting *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988)).

The Court believes that some of the documents in the investigation file are not relevant, as is some of the information Plaintiff seeks. Moreover, much, if not all, of the information in the investigation file is

sensitive and/or confidential; the Court believes that a protective order may be appropriate with respect to some documents.

With this guidance in mind, the Court orders the parties to **MEET AND CONFER** regarding Plaintiff's motion to compel and the force investigation file. The Court believes the parties should be able to resolve many outstanding issues and reach agreement on most, if not all, of the documents in the investigation file. To help ensure a productive and successful meeting, the Court requires the parties to speak in depth about each document in the investigation file on which there is a disagreement. The parties also must negotiate a stipulated protective order to apply to the production of sensitive or confidential information.

By **February 26, 2020**, the parties **MUST** submit a stipulated order setting forth their agreements regarding the force investigation file/Plaintiff's motion to compel. They must also list the documents and/or information in the investigation file that they have not been able to reach agreement on. Defendants must follow the requirements of *Hamama* with respect to any document for which they continue to claim privilege. The parties must also submit a stipulated protective order by that date.

On **March 2, 2020 at 2:30 p.m.**, the Court will hold a telephone conference to discuss outstanding issues. If the parties fail to make

meaningful progress on Plaintiff's motion, the Court will require them to appear in person at that time for a second meet and confer (without Court involvement) instead of a phone conference.

To the extent Plaintiff's motion remains unresolved after the phone conference or second meet and confer, Defendants must file a response brief on or before March 17, 2020.  Plaintiff's reply brief is due March 24.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  February 13, 2020