UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELDY SMITH and
MARY ROWAN, as full conservator,

        Plaintiffs,

v.

DEWAYNE JONES,
CITY OF DETROIT, and
STACEY TAYLOR,

        Defendants.
_____/

Case No. 2:19-cv-10103
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT DEWAYNE JONES'S MOTION TO COMPEL DISCOVERY (ECF No. 48), (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS OF DEFENDANTS (ECF No. 49), (3) SETTING HEARING DATE FOR TWO MOTIONS (ECF Nos. 62, 63); (4) TAKING UNDER ADVISEMENT THE PETITION TO INTERVENE AS OF RIGHT (ECF No. 65); and (5) SETTING DISCOVERY AND DISPOSITIVE MOTION DEADLINES**

**I.    OPINION**

    **A.    Background**

This lawsuit was originally filed in Wayne County Circuit Court. (ECF No. 1-2.) The facts underlying Plaintiff's January 29, 2019 amended complaint stem from the alleged events of August 1, 2018, when "Defendant Jones and Defendant Taylor encountered [Sheldy Smith] exhibiting signs of a mental health crisis . . . ." (ECF No. 4, ¶¶ 7-13.) By way of her conservator (Mary Rowan), Sheldy Smith

brings causes of action based upon: (1) the First and Fourth Amendments of the United States Constitution under 42 U.S.C. § 1983 as to the individual Defendants; (2) municipal liability under 42 U.S.C. § 1983 as to Defendant City of Detroit; (3) assault and battery; (4) intentional infliction of emotional distress (IIED); (5) gross negligence; and, (6) the Persons with Disabilities Civil Rights Act (PWDCRA). (*Id.*, ¶¶ 14-50.)

On March 20, 2019, Defendants City of Detroit and Jones filed a notice of non-party fault, which names Mary S. Rowan. (ECF No. 13.) Although the original discovery deadline was November 29, 2019, it has since been extended to June 30, 2020. (ECF Nos. 25, 32, 46.) Moreover, the Court has been informed by both sides that it was further extended to September 30, 2020 during the June 17, 2020 status conference.

### B.    Instant Matters

Judge Roberts has referred this case to me for pretrial matters. (ECF No. 56.) Currently before the Court are: (1) Defendant Jones's motion to compel discovery (ECF No. 48), regarding which a response and exhibit have been filed (ECF Nos. 53, 61); (2) Plaintiff's motion to compel depositions of Defendants (ECF No. 49), regarding which responses and a reply have been filed (ECF Nos. 52, 58, 60); (3) Plaintiff's August 10, 2020 motion for sanctions for failure to comply with court order to produce the Garrity statements (ECF No. 62); (4)

2

Defendant Jones's August 12, 2020 motion for qualified protective order allowing *ex parte* meetings with the Plaintiff's treatment providers (ECF No. 63); and, (5) Petitioner / Intervenor Ashley Smith's August 14, 2020 petition to intervene as of right (ECF No. 65).

The Court conducted a status conference and a video hearing on August 18, 2020, at which Attorneys David A. Robinson, Jennifer E. Bruening, Alfred Ashu, Krystal A. Crittendon, and Linda D. Bernard appeared. (ECF No. 59.)

## II.  ORDER

For the reasons stated by the Court on the record, <u>all of which are incorporated by reference as if restated herein</u>, Defendant Dewayne Jones's motion to compel discovery (ECF No. 48) is **GRANTED IN PART** and **DENIED IN PART**.[1] No later than **Tuesday, September 1, 2020**, Plaintiff(s) shall produce a complete copy of the guardianship file Ms. Rowan maintains on behalf of Sheldy Smith *and* signed authorizations for records pertaining to Sheldy Smith, including but not limited to Rowan's submission of the letters appointing her as guardian and conservator. However, Plaintiff need not produce Mary Rowan's tax returns from

---

[1] Whether Plaintiff is required to answer Defendant Jones's interrogatories is not an issue set forth in either the motion or the Joint Statement of Resolved and Unresolved Issues (*see* ECF Nos. 48, 64), even though it was raised orally at the hearing; therefore, this question is not properly before the Court.

2009 through 2019, as: (1) they are only tangentially related to these proceedings, if at all; (2) they are being sought for information which can be obtained by Defendants from other, less invasive sources; (3) the request is based on information gleaned from tenuous social media reports; (4) and, the requested discovery is harassing and disproportionate to the needs of this case.  No costs or expenses are awarded, neither party having fully prevailed.

Plaintiff's June 29, 2020 motion to compel depositions of Defendants (ECF No. 49) is **GRANTED** to the extent it seeks the depositions of Sgt. Kelly Mullins and Lt. Howard Phillips, which shall take place on a mutually convenient date, on or before **September 30, 2020** and subject to the City's reserved right to make any appropriate objections at the time of deposition.  As for the deposition of Defendant Dewayne Jones, the Court has considered the factors for imposing a stay of proceedings and concludes that, at this time, these factors favor a continued delay of this deposition, although not indefinitely.  *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (citation omitted).  Having consulted with Judge Roberts's chambers, the discovery deadline is **Wednesday, September 30, 2020**, Jones's deposition may only take place between **Friday, January 15, 2021** and **January 29, 2021** (*i.e.*, his deposition is stayed until this window), and the

dispositive motion deadline is extended to **February 26, 2021**.[2] If the parties want to generally extend discovery beyond September 30th through as late as January 29th, they may do so by submission of a stipulation and order; however, keeping in mind that this case has been referred to me for all pretrial matters (excluding dispositive motions), the parties must abide by all of my "Discovery and Discovery Motions" and "Motion Practice" Practice Guidelines (*see* www.mied.uscourts.gov), including but not limited to provisions regarding the timing and prerequisites for pursuing discovery motions. <u>The Court emphasizes that the discovery completion date requires that discovery requests be made sufficiently in advance to permit timely response within the discovery period. The Court further advises that motions relating to discovery, if any, shall be filed within the discovery period unless it is impossible or impracticable to do so.</u> The request for an award of Plaintiff's "costs and reasonable attorney fees[,]" is **DENIED**, neither side having fully prevailed and the Court having found on the record that it would otherwise be unjust. Fed. R. Civ. P 37(a)(5)(A),(C).

---

[2] In arriving at this conclusion, the Court acknowledges that Defendant Jones's state court criminal appeal is pending. (*See State v. Dewayne Berran Jones*, Case No. 19-003729-01-AR (Wayne County Circuit Court) (claim of appeal filed May 21, 2019, remanded to district court Nov. 1, 2019).)

Ashley Smith's (Plaintiff's sister's) August 14, 2020 petition to intervene as of right (ECF No. 65) is **TAKEN UNDER ADVISEMENT**, as Ashley Smith's standing in this matter is unclear and may depend upon whether the Wayne County Probate Court removes Mary Rowan as guardian and conservator and appoints Ashley Smith as full conservator and guardian.[3] No later than **Tuesday, September 1, 2020**, Attorney Bernard, counsel for Ashley Smith, will make a one page filing to inform this Court of the status of the probate matters, to aid it in determining whether the issues raised are ripe or moot, and before the Court will set any briefing or hearing schedules on the motion to intervene. Once the Court sets the briefing schedule, any related submissions must address the issue of the proposed intervenor's standing. For the time being, the Court reserves judgment on whether this matter or any settlement needs to be stayed and whether it should appoint a guardian ad litem.

Finally, Plaintiff's August 10, 2020 motion for sanctions for failure to comply with court order to produce the Garrity statements (ECF No. 62) and Defendant Jones's August 12, 2020 motion for qualified protective order allowing *ex parte* meetings with the Plaintiff's treatment providers (ECF No. 63) are hereby noticed for hearing on **Friday, September 25, 2020 at 2 p.m.**

---

[3] (*See* Wayne County Probate Court Case No. 2018-840388-CA (conservatorship for an adult) & Case No. 2017-828039-GA (guardianship of an adult).)

**IT IS SO ORDERED.**

Dated: August 20, 2020  s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE