UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELDY SMITH and
MARY ROWAN, as full conservator,

            Plaintiffs,

v.

DEWAYNE JONES,
CITY OF DETROIT, and
STACEY TAYLOR,

           Defendants.
_____/

Case No. 2:19-cv-10103
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

**<u>ORDER GRANTING IN PART & DENYING IN PART DEFENDANT JONES' MOTION FOR QUALIFIED PROTECTIVE ORDER ALLOWING *EX PARTE* MEETINGS WITH PLAINTIFF'S TREATMENT PROVIDERS (ECF No. 63) and SETTING HEARING DATE FOR PLAINTIFF'S CORRECTED MOTION TO COMPEL DISCOVERY (ECF No. 75)</u>**

**A.    Background**

Judge Roberts has referred this case to me for pretrial matters, excluding dispositive motions. Currently before the Court is Defendant Jones's August 12, 2020 motion for qualified protective order allowing *ex parte* meetings with the Plaintiff's treatment providers (ECF No. 63), regarding which a response (ECF No. 72), a reply (ECF No. 74), and a statement of resolved and unresolved issues (ECF No. 76) have been filed.

The Court conducted a video hearing on September 25, 2020, at which Attorneys David A. Robinson, Jennifer E. Bruening, and Alfred Ashu appeared. (ECF Nos. 66, 77.)

**B.     Order**

Having reviewed the motion papers and the statement of resolved and unresolved issues, and for the reasons stated by the Court on the record, <u>all of which are incorporated by reference as if restated herein</u>, Defendant Jones's motion (ECF No. 63) is **GRANTED IN PART** and **DENIED IN PART**. Defendant Jones **SHALL** submit a separate copy of his proposed stipulated qualified protective order permitting *ex parte* meetings with Plaintiff Sheldy Smith's medical and mental health treatment providers (ECF No. 63-1, PageID.868-870) via the Utilities function in CM/ECF, *see*, *e.g.*, *Petties v. Copeland*, No. 16-10743, 2016 WL 7010499, at *2 (E.D. Mich. Dec. 1, 2016) (Goldsmith, J.); however, Defendants Jones **SHALL** add language requiring that, "[b]efore questioning, the defendants must provide clear and explicit notice to the plaintiff's medical providers about the purpose of the interview, that they are not required to speak to defense counsel, and they may have an attorney of their choosing present at the interview." *Thomas v. 1156729 Ontario Inc.*, 979 F.Supp.2d 780, 787 (E.D. Mich. 2013) (Lawson, J.). *See also* C*roskey v. BMW of N. Am.*, No. 02-73747, 2005 WL 4704767, at *5 (E.D. Mich. Nov. 10, 2005)

(Edmunds, J.). This should be approved as to form only by Attorney Robinson. The Court is requiring this additional language, not because it is required by HIPPA, but because the Court has broad discretion under the Federal Rules of Civil Procedure to define the scope of discovery and to enter appropriate protective orders. Fed. R. Civ. P. 26(b)(1) and (c). However, the Court will not require any notice to Plaintiff, either before or after these interviews; the concerns that Plaintiff raises are provided for and protected against based upon this new language.

Defendant Jones's request for the Court to "award reasonable attorney fees so wrongfully incurred[,]" (ECF No. 63, PageID.854), is **DENIED**, neither side having fully prevailed. Fed. R. Civ. P. 37(a)(5)(C).

Finally, Plaintiff Mary Rowan's September 22, 2020 amended motion to compel discovery (ECF No. 75) is hereby noticed for hearing on **October 30, 2020** at **3:00 p.m.**

**IT IS SO ORDERED.**

Dated: August 20, 2020    s/*Anthony P. Patti*
　　　　　　　　　　　　　　Anthony P. Patti
　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE