UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELDY SMITH and
MARY ROWAN, as full conservator,

        Plaintiffs,

v.

DEWAYNE JONES,
CITY OF DETROIT, and
STACEY TAYLOR,

        Defendants.
_____/

Case No. 2:19-cv-10103
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

# ORDER DENYING WITHOUT PREJUDICE ASHLEY N. SMITH'S PETITION TO INTERVENE AS OF RIGHT (ECF No. 65)

Judge Roberts has referred this case to me for pretrial matters, excluding dispositive motions. (ECF No. 56.) The Court is aware that there are efforts underway in Wayne County Probate Court to replace Mary Rowan as Sheldy Smith's guardian and conservator, which are also the subject of Ashley N. Smith's pending August 14, 2020 petition to intervene as of right in the instant matter. (ECF No. 65.) On August 18, 2020, the Court held both a status conference and a motion hearing. Shortly thereafter, the Court took under advisement the petition to intervene as of right. (ECF Nos. 66, 67.) Of particular import here is the following portion of the Court's order:

> Ashley Smith's (Plaintiff's sister's) August 14, 2020 petition to intervene as of right (ECF No. 65) is **TAKEN UNDER ADVISEMENT**, as Ashley Smith's standing in this matter is unclear and may depend upon whether the Wayne County Probate Court removes Mary Rowan as guardian and conservator and appoints Ashley Smith as full conservator and guardian. No later than **Tuesday, September 1, 2020**, Attorney Bernard, counsel for Ashley Smith, will make a one page filing to inform this Court of the status of the probate matters, to aid it in determining whether the issues raised are ripe or moot, and before the Court will set any briefing or hearing schedules on the motion to intervene. Once the Court sets the briefing schedule, any related submissions must address the issue of the proposed intervenor's standing. For the time being, the Court reserves judgment on whether this matter or any settlement needs to be stayed and whether it should appoint a guardian ad litem.

(ECF No. 67, PageID.923 (internal footnote omitted).)

Ashley Smith has not filed anything since her petition. Although she attempted to update the Court by way of her counsel's September 3, 2020 email, her counsel did not heed the Court's same-day email request to *file* the attachments as a single supplement to her *on-the-record* petition. In fact, nothing has been filed in the instant case by Ashley Smith or her counsel since the August 14, 2020 petition now at issue. More to the point, Ashley Smith's current standing to intervene in this matter remains unclear, as she has yet to be appointed conservator or guardian by the Wayne County Probate Court, and may never be. Moreover, unlike a wrongful death suit in which Ashley Smith might have statutory standing as a relative and heir to the victim, or a negligent infliction of emotional distress suit in which Ashley Smith might have suffered harm from witnessing her sister's

injury, *see Wargelin v Sisters of Mercy Health Corp*, 149 Mich. App. 75, 80, 385 N.W. 2d 732 (1986), here, the injury and loss presently appear to be entirely personal to Sheldy Smith, not her sister and would-be intervenor. Accordingly, Ashley Smith's August 14, 2020 petition to intervene as of right (ECF No. 65) is **DENIED WITHOUT PREJUDICE**. If and when the Wayne County Probate Court appoints Ashley Smith as Sheldy Smith's guardian and conservator, then Ashley Smith may refile her petition to intervene in this matter or a stipulated order of party substitution. Meanwhile, the Court will take cognizance of this contested issue, should any settlement or distribution of settlement proceeds come before it.[1]

    **IT IS SO ORDERED.**

Dated: November 13, 2020

                                                            Anthony P. Patti
                                                            UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).