UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELDY SMITH and
MARY ROWAN, as full conservator,

              Plaintiffs,

v.

DEWAYNE JONES,
CITY OF DETROIT, and
STACEY TAYLOR,

              Defendants.
_____/

Case No. 2:19-cv-10103
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS (ECF No. 88)

This matter came before the Court for consideration of Plaintiff's motion for sanctions pursuant to Fed. R. Civ. P. 26 and 37 (ECF No. 88), and the responses filed by Defendant Dewayne Jones (ECF No. 90) and Defendants the City of Detroit and Stacey Taylor (ECF No. 91).  Judge Roberts referred this case to me for all pretrial matters excluding dispositive motions.  (ECF No. 56.)  As a result of the COVID-19 pandemic, a hearing via Zoom technology was held on December 22, 2020, at which counsel appeared and the Court entertained oral argument regarding the motion.  Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein, Plaintiff's motion for

sanctions (ECF No. 88) is **GRANTED IN PART** and **DENIED IN PART** as

follows:

- Plaintiff's request that the Court order payment of the attorney fees awarded by text-only order on October 30, 2020 is **DENIED AS MOOT**, the parties having mutually indicated on the record that payment has been made and Defendant City of Detroit (the "City") having shown good cause for the delay.

- Plaintiff's request that Defendants City and Stacey Taylor ("Taylor") respond to **Interrogatory No. 2** of her supplemental discovery request (see ECF No. 88-4, PageID.1380) is also **DENIED AS MOOT**, Plaintiff's counsel indicating on the record that he received an adequate response to Interrogatory No. 2 on the morning of the hearing.  However, the Court **GRANTS** Plaintiff's request that Defendants City and Taylor supplement their response to **Interrogatory No. 6** (*see* ECF No. 88-4, PageID.1382), finding unacceptable both Defendants' initial response (*see* ECF No. 88-5, PageID.1388), as well as Defendants' failure to timely supplement that response, even after this motion had been pending for six weeks.  Defendants **SHALL** answer Interrogatory No. 6 fully and under oath by **Tuesday, January 5, 2021**.

- In response to the Court's questioning during oral argument, Plaintiff's counsel challenged Defendants' deliberative process privilege objections to three specific question and answer series during the depositions of Lieutenant Howard Phillips, Jr. and Sergeant Kelly Mullins, each of which will be addressed herein.[1]

---

[1] Initially, the Court finds that Defendants' counsel had standing to raise the deliberative process privilege objection in response to questions posed during the above depositions.  *See Breakthrough Towing, LLC v. Hall*, No. 15-cv-12526, 2017 WL 1164523, at *3-4 (E.D. Mich. Mar. 29, 2017) (reasoning that there is no Sixth Circuit precedent requiring that the deliberative process privilege be raised formally by the head of the department having control over the matter, as opposed to an attorney) (citing *U.S. Dep't of Energy v. Brett*, 659 F.2d 154, 155-56 (Temp. Emer. Ct. App. 1981) and *Founding Church of Scientology of Washington, D.C., Inc. v. Dir., F.B.I*, 104 F.R.D. 459, 465-66 (D.D.C. 1985)); *Reynolds v. Addis*, No. 18-13669, 2019 WL 8106142, at *7 (E.D. Mich. Oct. 23, 2019) ("Ms. Reynolds

The Court finds that the questions posed on **Page 23, Line 9 of Lieutenant Phillips's deposition transcript** (ECF No. 88-2, PageID.1364-1365) and **Page 18, Line 12 of Sergeant Mullins's deposition transcript** (ECF No. 88-3, PageID.1369-1370) were asked and answered. Thus, the deponents need not supplement their responses to those questions. However, the Court **OVERRULES** Defendants' deliberative process privilege objection to the questioning posed at **Page 28, Line 2 of Lieutenant Phillips's deposition transcript** (ECF No. 88-2, PageID.1366-1367), finding that Defendants failed to meet their burden of demonstrating entitlement to the privilege, which is not absolute and must be narrowly construed. *Gen. Motors Corp. v. United States,* No. 07-14464, 2009 WL 5171807, at *1 (E.D. Mich. Dec. 23, 2009) (Roberts, J.) ("The deliberative process privilege is narrowly construed."). Accordingly, pursuant to Fed. R. Civ. P. 31, the Court **PERMITS** Plaintiffs to ask Lieutenant Phillips, by written deposition questions, that question originally posed on **Page 28, Line 2** of his deposition transcript, plus four (4) related follow-up questions. Plaintiffs must serve these written deposition questions by **Thursday, December 31, 2020**, and Lieutenant Phillips must respond, in writing, on or before **Thursday, January 14, 2021**. Plaintiffs are cautioned to focus only on factual issues, while Defendants are cautioned not to misuse the deliberative process privilege. *See Kelly v. City of San Jose*, 114 F.R.D. 653, 658-59 (N.D. Cal. 1987).

- Further, leaving aside application of the "Apex doctrine" to high-ranking government officials, *see EMW Women's Surgical Center, P.S.C. v. Glisson*, No. 3:17CV-00189, 2017 WL 3749889, at *2-3 (W.D. Ky. Aug. 30, 2017), the Court **DENIES** Plaintiff's request to conduct the in-person deposition of Detroit Police Chief James Craig pursuant to Fed. R. Civ. P. 26(b)(2)(C)(i) and (ii), because the information Plaintiffs seek to obtain regarding the policies of

---

argues that the government, rather than its counsel, must raise the deliberative process privilege. This argument is not persuasive.") (internal citations omitted). It is further noted that in Judge Roberts's earlier ruling, her mention of a requirement for a "formal claim of privilege by the head of the department having control over the requested information" related to the requirements for prevailing on a *law enforcement* privilege. (ECF No. 37, PageID.501.)

3

the Detroit Police Department can be provided by sources below
Chief Craig, and Plaintiffs have had ample opportunity to obtain
that information through the discovery process.  Nevertheless,
recognizing that Chief Craig has made public statements regarding
the specific incident at issue, including with respect to whether
policy was or was not followed, the Court will **PERMIT** Plaintiffs
to ask Chief Craig, by written deposition questions pursuant to
Fed. R. Civ. P. 31, ten (10) questions (including all sub-parts)
regarding his public statements.  Plaintiffs must serve these written
deposition questions by **Friday, January 8, 2021**, and Chief Craig
must respond, in writing, by **Friday, January 22, 2021**.

Finally, pursuant to Fed. R. Civ. P. 37(a)(5)(C), which allows the Court to

apportion reasonable expenses for a motion compelling discovery where the

motion is granted in part and denied in part, the Court **AWARDS** Plaintiff's

counsel $500 in attorney fees against Defendants City and Taylor for having to file

and argue that portion of the instant motion related to Defendants' untimely and

incomplete answers to Interrogatory Nos. 2 and 6 of Plaintiff's supplemental

discovery requests.  (ECF No. 88-4, PageID.1380, 1382.)  Again, Defendants

failed to provide their answer to Interrogatory No. 2 until the morning of the

hearing and have not yet supplemented their response to Interrogatory No. 6.  *See*

Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted--or if the disclosure or

requested discovery is provided after the motion was filed--the court must, after

giving an opportunity to be heard, require the party or deponent whose conduct

necessitated the motion, the party or attorney advising that conduct, or both to pay

the movant's reasonable expenses incurred in making the motion, including

4

attorney's fees.")  The $500 award represents less than 1.5 hours of work at a rate

of $350/hour, which the Court finds reasonable and which Defendants declined to

object to on the basis of Plaintiff's counsel's representation that other federal court

judges have approved such an hourly rate for his services, Defendants having

themselves suggested that awarding one hour's time would be reasonable.  These

Defendants must forward payment of $500 to Plaintiff's counsel by **Friday,**

**January 29, 2021**.[2]

    **IT IS SO ORDERED.**

Dated: December 23, 2020

                          Anthony P. Patti
                          UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).