UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELDY SMITH and
MARY ROWAN, as full conservator,

     Plaintiffs,

v.

DEWAYNE JONES,
CITY OF DETROIT, and
STACEY TAYLOR,

     Defendants.

_____/

Case No. 2:19-cv-10103
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

## OPINION AND ORDER GRANTING DEFENDANT DEWAYNE JONES'S EMERGENCY MOTION TO STAY DEPOSITION WHILE CRIMINAL PROCEEDINGS REMAIN PENDING (ECF No. 94) AND AMENDING SCHEDULE

    This matter came before the Court for consideration of Defendant DeWayne Jones's emergency motion to stay deposition while criminal proceedings remain pending (ECF No. 94), the response filed by Plaintiff (ECF No. 97), and Defendant Jones's reply (ECF No. 98). Judge Roberts referred this case to me for all pretrial matters, excluding dispositive motions. (ECF No. 56.) As a result of the COVID-19 pandemic, a hearing via Zoom technology was held on January 14, 2021, at which counsel appeared and the Court entertained oral argument regarding the motion.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Defendant Jones's emergency motion to stay deposition while criminal proceedings remain pending (ECF No. 94) is **GRANTED.**  The Court has "broad discretion in determining whether to stay a civil action while a criminal action is pending or impending[,]" *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007), and the factors to be considered, as discussed at length on the record, favor Defendant Jones at this particular juncture.  *See also F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-627 (6th Cir. 2014).

To be clear, this will not be an indefinite stay.  Keeping in mind that "[a] lawsuit is a search for the truth[,]" *Vance v. Rice*, 524 F. Supp. 1297, 1300 (S.D. Iowa 1981), balancing Plaintiff's right to depose Defendant Jones with Defendant Jones's 5th Amendment right not to incriminate himself, and recognizing that this case is not yet close to the eve of trial, Defendant Jones's deposition is **STAYED** for the time being.  Plaintiff will eventually take Defendant Jones's deposition, not now but closer to when the case is ready for trial.

Respecting the schedule:  **(1)** with the exception of Defendant Jones's deposition, all discovery will conclude on **January 31, 2021**, as set forth in the Court's prior order (ECF No. 93); **(2)** consistent with the approach previously

taken by the Court in this case (*see* ECF No. 67), Defendant Jones must be prepared to sit for his deposition between **April 15, 2021 and April 30, 2021**, approximately three months out from the close of discovery;[1] **(3)** the dispositive motion deadline currently set for February 26, 2021 (ECF No. 67) is extended to **May 28, 2021**; **(4)** a status conference is hereby noticed for **March 26, 2021 at 10 a.m.**; and, **(5)** the settlement conference currently scheduled for January 20, 2021 (ECF No. 96) is **CANCELLED** but will be re-noticed.  Meanwhile, Defendant Jones shall provide prompt, written notice as to any change in the status of his criminal case – such as a ruling on the *Ginther* motion, the scheduling of a trial, the outcome of any such trial, and the result, *etc*. – by way of a supplemental filing that is linked to the instant motion (ECF No. 94).[2]

  **IT IS SO ORDERED.**

Dated: January 15, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] This is one month fewer than announced from the bench, as the Court has reconsidered and decided to keep a tighter rein on this issue.

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).