UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELDY SMITH and
MARY ROWAN, as full conservator,

        Plaintiffs,

v.

DEWAYNE JONES,
CITY OF DETROIT, and
STACEY TAYLOR,

        Defendants.

Case No. 2:19-cv-10103
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

_____/

### ORDER DENYING WITHOUT PREJUDICE DEFENDANT JONES'S MOTION TO PRECLUDE SHELDY SMITH FROM TESTIFYING AT TRIAL (ECF NO. 107) and STAYING THE CASE

**A.   Background**

This lawsuit concerns the alleged events of August 1, 2018. (ECF No. 4, ¶¶ 7-13.) Mary Rowan, as full Conservator for Sheldy Smith, a legally incapacitated Individual, sues Jones and Taylor and alleges the following causes of action: (1) 42 U.S.C. § 1983 Against Individual Defendants; (2) Municipal Liability Against Defendant City Of Detroit Under 42 U.S.C. § 1983; (3) Assault and Battery; (4) Intentional Infliction of Emotional Distress; (5) Gross Negligence; and, (6) Persons With Disabilities Civil Rights Act Violation And Discrimination. (*Id.*, ¶¶ 14-50.)

**B.   Instant Matter**

Judge Roberts has referred this case to me for pretrial matters. Currently before the Court is Defendant Jones's March 2, 2021 motion to preclude Sheldy Smith from testifying at trial (ECF No. 107), as to which Defendant City of Detroit has filed a notice of joinder/concurrence (ECF No. 109), Plaintiff has filed a response (ECF No. 112), and Defendant Jones has filed a reply (ECF No. 114). Additionally, on April 8, 2021, Plaintiff and Defendant Jones filed a joint statement of resolved and unresolved issues (ECF No. 115).

On April 23, 2021, the Court met with counsel for the parties via video to conduct a hearing on the motion and a status conference. Attorney David A. Robinson appeared for the Plaintiff, Attorney Krystal A. Crittendon appeared on behalf of the City of Detroit, and Attorney Scott L. Feuer appeared on behalf of Defendant Jones.

### C.    Order

For the reasons stated by the Court on the record, <u>all of which are incorporated by reference as if restated herein</u>, Defendant Dewayne Jones's motion (ECF No. 107) is **DENIED WITHOUT PREJUDICE**. The question of competency to testify is whether the witness has the ability to testify truthfully on the day of testimony. *See*, *e.g.*, Fed. Rules Evid. 601 ("Competency to Testify in General"), 602 ("Need for Personal Knowledge") & 603 ("Oath or Affirmation to Testify Truthfully"). "[T]he Federal Rules of Evidence strongly disfavor barring

witnesses on competency grounds due to mental incapacity." *United States v. Phibbs*, 999 F.2d 1053, 1068 (6th Cir. 1993). *See also United States v. Ramirez*, 871 F.2d 582, 584 (6th Cir. 1989) ("What must be remembered, and is often confused, is that 'competency' is a matter of status not ability."). Setting aside the likelihood of restoration given Plaintiff's history, there is no way the Court – at this point – can conclude that Plaintiff will not be able to appreciate the oath or affirmation to testify truthfully when it becomes time for her to testify. As set forth on the record, the Court's decision is informed by the December 3, 2020 deposition testimony of Dr. Lakshmi Garlapati. (*See*, *e.g.*, ECF No. 107-1, PageID.1716 [pp. 83, 84], 1719 [p. 110]). In sum, a ruling now would be premature, because there is not enough in the record and it is not close enough in time to the testimony in question. Consistent with Defendant Jones's alternative request, the issue may be revisited closer to trial, defense counsel will be permitted to take Ms. Smith's deposition "close to trial so that her capacity can be assessed at that time[,]" and, if necessary, the Court may hold a hearing "to determine her capacity at that time." (*See* ECF No. 107, PageID.1706-1707.)

Earlier this year, the Court granted Defendant Jones's emergency motion to stay his deposition while the criminal proceedings against him remain pending. (ECF No. 100.) While the Court then noted that "this will not be an indefinite stay[,]" and that "[a] lawsuit is a search for the truth[,]" *Vance v. Rice*, 524 F.

Supp. 1297, 1300 (S.D. Iowa 1981) (ECF No. 100, PageID.1518), since then the parties have kept the Court apprised of the status of this criminal proceeding (ECF Nos. 106, 110 & 116).[1] At this time, neither Sheldy Smith nor Dewayne Jones is in a position to participate in a search for the truth, under oath. The more we can achieve that by having the players – Sheldy Smith and Defendant Dewayne Jones – testify openly, the more the truth can be fleshed out. Having concluded that it is premature to determine Ms. Smith's competency to testify, and having been informed of the status of the criminal proceeding against Defendant Jones, this is the appropriate time to enter a stay of this matter. Accordingly, until further order of the Court, this matter is **STAYED**, for all purposes other than a settlement conference. Discovery in this matter is completed, with the exception of Defendant Jones's deposition, Sheldy Smith's deposition, a potential independent medical examination (IME) (to which Plaintiff's counsel would not object if she is claiming bodily injury) and any IME-related discovery, and any necessary

---

[1] Based on the events of August 1, 2018, Jones was charged with assault or assault and battery in violation of Mich. Comp. Laws § 750.81. On March 19, 2019, he was found guilty by a jury, and he was sentenced on May 1, 2019. *See State v. Dewayne Berran Jones,* Case No. 1806106901 (36th District Court). However, Jones filed an appeal on May 21, 2019. *See State v. Dewayne Berran Jones*, Case No. 19-003729-01-AR (Wayne County Circuit Court). The case was remanded to 36th District Court, where, on April 12, 2021, Judge Bryant granted Jones's motion for a new trial. (ECF No. 116, PageID.1763.) It appears that a final pre-trial conference is scheduled to occur on September 30, 2021.

redeposition of Smith's psychiatrist (either Dr. Garlapati or whoever is then Plaintiff's treating psychiatrist), which material may be used in a motion *in limine*, as appropriate. All of this can happen within a short timeframe and closer to trial, once the state of the pandemic permits the Court to move forward with in-person civil trials and the related criminal matter has reached a more definitive outcome.

Finally, the parties have leave to update the Court, in writing, should: (1) there be developments in either Smith's or Jones's respective situations; or, (2) the parties desire to request the Court's assistance with settlement discussions (although the Court will not notice a scheduling conference at this juncture, in light of the parties' belief that it would not now be fruitful).

**IT IS SO ORDERED.**[2]

Dated: April 23, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).